CASE NO. 03-CI-08296          JEFFERSON CIRCUIT COURT
DIVISION ELEVEN (11)

CHRISTIE RICHARDSON          PLAINTIFF

V.      **AFFIDAVIT OF STEVEN C. SCHROERING**

LOUISVILLE JEFFERSON
COUNTY METRO GOVERNMENT          DEFENDANT

_____

Comes your Affiant, Steven C. Schroering, and after being duly sworn, states as follows:

1. My name is Steve Schroering. I am an attorney in Louisville, Kentucky, and represented Christie Richardson in the case of *Commonwealth of Kentucky v. Mark Watson and Christie Richardson*, Jefferson Circuit Court, Case No. 02-CR-000634-001. During the course of my representation of Christie Richardson in the criminal case referenced above, I became familiar with each of the charges against her, and the government's investigations related to those charges.

2. On or about February 4, 2003, the verdict in Christie Richardson's criminal case was entered. Christie was acquitted on the vast majority of charges against her (i.e., over 97% of the charges). Ms. Richardson was found guilty on charges relating to overtime forms. The jury made it clear that they did not want her to serve time and wrote a note to the Court reflecting same. (See attached note from jury).

3. I have reviewed the Complaints of the following civil suits: (a) *Wm. Boyer, et al. v. Christie Richardson, et al.*, Jefferson Circuit Court Case No. 02-CI-03028; (b) *Northington v. Richardson, et al.*, United States District Court, Case No. 3:03CV-42-S; (c) *Roney Grigsby, Jr., v. Christie A. Richardson, et al.*, Jefferson Circuit Court, Case No. 03-CI-07899; (d) *George Spencer,*

*III v. City of Louisville, et al.*, Jefferson Circuit Court, Case No. 03-CI-07361; and (e) *Walter & Connie Elliot vs. City of Louisville, et al.*, United States District Court, Case No. 3:02CV769.

    4.    I have compared the allegations of each of the civil cases referenced above with the allegations which made up the criminal charges against Christie Richardson. The following is an outline of the specific civil case allegations in comparison with the criminal charges:

    a.    *Boyer, et al. v. Christie Richardson, et al.*: The *Boyer* civil case is a class action lawsuit with an unspecified, but voluminous, number of allegations against Christie Richardson. A methodical review of the allegations in the *Boyer* civil case with the criminal charges against Christie Richardson reveals that there are numerous allegations in the *Boyer* case which <u>were never raised in the criminal charges and/or the criminal investigations related to the criminal charges</u>. For example, the *Boyer* allegations include "all persons present in Kentucky from 1995 to present". (See page 4, paragraph 4). The criminal charges against Christie Richardson, and the underlying investigations, only included events between December 2000 through January 2002.

            In paragraphs 21, 22, 23, 24 and 25 of the *Boyer* Complaint, there were numerous dates identified, some of which did not overlap with the criminal charges, and some which did. In paragraph 21 of the *Boyer* Complaint, Ms. Richardson is accused of "unlawful entry into residences". Christie Richardson was acquitted on any and all charges similar to these allegations in the criminal proceeding. In paragraph 22 of the *Boyer* Complaint, it is alleged that Christie Richardson "unlawfully used invalid search warrants". <u>Christie Richardson was acquitted of any and all charges related to search warrants, to include having any knowledge of a forged search warrant. In fact, co-defendant Mark Watson pled guilty to these charges, and conceded that he did not tell Christie Richardson he had committed these criminal acts</u>. In paragraph 23 of the *Boyer* Complaint, Christie Richardson is accused of "unlawful seizing of property". Again, to the extent that the criminal charges overlap these allegations, Christie Richardson was acquitted of any such allegations in her criminal proceedings. In paragraph 24 of the *Boyer* Complaint, Christie Richardson is accused of "perjury". Again, Christie Richardson was acquitted of these charges.

    b.    *Northington v. Richardson, et al.*: In paragraphs 8, 9, 10 and 11 of the *Northington* Complaint, it appears that Mr. Northington is accusing Christie Richardson of forging a search warrant and making unlawful entry into his home based on a forged warrant. Again, Christie Richardson was acquitted of this allegation in the criminal proceeding.

2

c. *Roney Grigsby, Jr. v. Christie Richardson, et al.*: The *Grigsby* Complaint claims there was a forged signature on a search warrant, and that the civil defendants stole $285. The allegation specifies the date of the incident as <u>October 26, 1999</u>. This allegation was not part of the criminal charges against Christie Richardson, nor was there any underlying investigation related to an incident on or about <u>October 26, 1999</u>.

d. *George Spencer, III v. Christie Richardson, et al.*: The *Spencer* Complaint has one allegation which claims that the civil defendants had an invalid search warrant, and unlawfully entered the civil complainant's home. The allegation specifies the date of the incident as <u>January 13, 1999</u>. Again, this allegation was not part of the criminal charges against Christie Richardson, nor was there any underlying investigation related to any incident on <u>January 13, 1999.</u>

e. *Walter & Connie Elliot vs. City of Louisville, et al.*: In the *Elliott* civil suit, there is one allegation of a forged signature on a search warrant, and unlawful entry into the Plaintiffs' home on <u>January 18, 2000</u>. Again, this allegation was not part of the criminal charges against Christie Richardson, nor was there any underlying investigation related to an incident on <u>January 18, 2000</u>.

5. In summary: (i) to the extent any of the allegations in the civil complaints overlap with the criminal charges, Christie Richardson was acquitted of all such allegations; (ii) of those charges which Christie Richards was found guilty, none of those allegations are included in any of the civil complaints; and (iii) most of the allegations included in the civil complaints were never investigated by the government.

Further, Affiant sayeth naught.

_____
STEVEN C. SCHROERING, AFFIANT

STATE OF KENTUCKY

COUNTY OF JEFFERSON

SUBSCRIBED, SWORN TO AND ACKNOWLEDGED before me by Steven C. Schroering on this __14th__ day of __May__, 2004.

My Commission expires: __3-12-2008__.

_Joseph a. Nett_
NOTARY PUBLIC

E:\dfiles\CLIENTS\R\RICHARDSON\Declaratory Judgment Action\Pleadings\Affidavit Schroering.wpd

Our verdicts in the case of the Commonwealth versus Christie Richardson, as well as the punishment we fixed, were based on our belief that Ms. Richardson was a sincere and honest person when she took the position in Metro Narcotics. We felt that her misdeeds resulted, in part, from extremely lax enforcement of the SOP and a very permissive attitude on the part of ~~several accounts~~ some of her superiors to liberties which were taken.

The Jurors